**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT KWIATKOWSKI<br>Plaintiff,<br><br>v.<br><br>CITY OF PATERSON,<br><br>Defendants. | Civil Action No. 11-03218 (JLL) (JAD)<br><br>REPORT AND<br>RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court on its sua sponte order requiring Plaintiff Robert Kwiatkowski to show cause why the Court should not dismiss this action with prejudice for failure to prosecute. ~~After having considered the parties' submissions,~~ and for good cause shown; and

**WHEREAS,** Plaintiff Robert Kwiatkowski commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Passaic County on or about February 25, 2011, (Compl., ECF No. 1-1); and

**WHEREAS,** on or about June 01, 2011, (Notice of Removal, ECF No. 1), Defendants removed this action from the Superior Court of New Jersey, Passaic County to this Court; and

**WHEREAS,** on or about July 15, 2011, (ECF No. 2), Defendants filed an Answer to the Complaint; and

**WHEREAS,** the Court scheduled an in-person settlement conference for July 17, 2014 ("the July 17th settlement conference") (Text Order, May 21, 2014); and

**WHEREAS,** Plaintiff did not appear to participate in the July 17th settlement conference; and

**WHEREAS**, the Court directed Plaintiff to contact the Court immediately to advise as to the status of the case (Text Order, July 23, 2014); and

**WHEREAS**, Plaintiff did not contact the Court to as directed in the July 23, 2014 Text Order; and

**WHEREAS**, by Text Order dated August 27, 2014, (ECF No. 63), the Court scheduled an in-person status conference for September 15, 2014 ("the September 15th in-person status conference"); and

**WHEREAS**, Plaintiff did not appear to participate in the September 15th in-person status conference; and

**WHEREAS**, the Court scheduled a Show Cause Hearing for October 16, 2014 (Order to Show Cause, ECF No. 65); and

**WHEREAS**, did not appear for the Show Cause Hearing scheduled for October 16, 2014; and

**WHEREAS**, L.Civ.R 41.1(a) authorizes this Court, on its own initiative, to dismiss an action that has been pending in the Court for more than 120 days without any proceedings having been taken for a lack of prosecution. See L.Civ.R. 41.1(a); and

**WHEREAS**, Fed R. Civ. P. 41(b) permits a Court to dismiss, sua sponte, a Complaint for failure to prosecute. See Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010)(noting the Supreme Court held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute); and

**WHEREAS**, a District Court may dismiss a case for failure to prosecute under Rule 41(b) where a balance of the following factors weighs in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling

orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas.Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**WHEREAS,** the Court finds that Plaintiff, by failing to (a) prosecute the action for more than 120 days; and (b) appear for the settlement conference scheduled for July 17, 2014; and (c) appear for the in-person status conference scheduled for September 15, 2014; and (d) appear for the Show Cause Hearing scheduled for October 16, 2014, has (1) demonstrated personal responsibility for the delay (he is proceeding pro se); (2) been consistently dilatory; (3) prejudiced Defendants by repeatedly delaying this action; (4) has shown willful conduct with respect to her failure to comply with Court orders;

**WHEREAS,** given Plaintiff's history of violating Court orders, the Court concludes that a sanction other than dismissal would simply engender more delay and would ultimately prove to be ineffective.

**IT IS** on this ___17___ day of October, 2014,

**RECOMMENDED** that Plaintiffs' complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and L.Civ.R. 41.1(a).

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, U.S.D.J.

3